Johnson, C. J.
The Revised Statutes sections 1633 to 1647, provide the mode by which cities, villages and hamlets may surrender their municipal powers. By section 1644, the number signing a petition for an election to be ordered, is prescribed in case of an incorporated village. By section 1635, it is made the duty of the council, when a petition is presented for such an election, to order such election, and fix the time for holding the same.
Two questions are made on this motion for leave to file a petition in error: 1st, was the case one that could be appealed ; and 2nd, did the district court err in upholding the action of the village council in refusing to order an election ?
1st. Was this case one for an appeal ?
The issue made by the pleadings was of mixed law and fact. While it is the imperative duty of council (section 1635) to order an election, yet as an essential requisite to this duty, there must be a petition therefor, signed by a sufficient number of electors of the village.
*217 In this case these petitioners must be electors, and this fact must be determined by the council. Before the council can be required to order an election, that fact, must be made to appear. It is a condition precedent to making such order. On mandamus to compel the council to order an election, the court must be satisfied that it was the duty of the council to make the order. The issue was, therefore, as to this fact, was that a fact triable by a jury, as of right? The court might order a jury to try it under proper instruction ; but was it bound to do so? For the purposes of this case, we assume, without deciding, that mandamus is the proper- proceeding against the council for refusing the prayer of petitioners.
This proceeding can only be resorted to, where there is not a plain and adequate remedy otherwise provided. Under our statute, the return to the alternative writ may be controverted. In this case it was controverted, and the question was, whether there was the required number of qualified petitioners. To determine this, the court must ascertain the number of electors in the village, the number of genuine signatures that were electors and the right of signers to withdraw their names.
To determine these questions in mandamus, neither party could demand a jury. Castle v. Lawlor, 47 Conn. 342; Chumasero v. Potts, 2 Montana, 242; High on Extra. Rem. § 30 c.
2d. Did the district court err in holding that persons who signed the petition, could withdraw their names therefrom before action had thereon ?
¥e think not. When the petition was presented it was the duty of the council to take proper steps to ascertain if the signatures were bona fide, and if it contained the requisite number who were electors? For that purpose the same might be referred to a committee and postpone action until time for such examination. Between the time the petition was presented and the next regular meeting, at which action was had thereon, several signers withdrew their names. This they had the right to do, the council not having acted thereon. Hayes v. Jones, 27 Ohio St. 218.
If the council had ordered the election, it may be that petitioners could not thereafter defeat an election, nor author *218 ize the council to rescind its order, by withdrawal of their names. It was held, they could not do this in a road case, after the petition for a road had been acted on, and a report of the viewers made. Grinnell v. Adams, 34 Ohio St. 44.
Be this as it may, we think there was no error by the district court in holding, that the action of the council in referring the petition to a committee until the next regular meeting, and in refusing to order the election on its then appearing that by voluntary withdrawals, the number of petitioners had been reduced below the required number.

Motion overruled.